UNITED STATES, Appellee

v

TONY H. DIAL, Basic Airman, U. S. Air Force, Appellant

9 USCMA 700, 26 CMR 480

*Major Carl Goldschlager* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

*Captain Norman J. Nelson* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was convicted by general court-martial at Keesler Air Force Base, Mississippi, of robbery in violation of Article 122, Uniform Code of Military Justice, 10 USC § 922. He was sentenced to be dishonorably discharged, to forfeit all pay and allowances, and to be confined at hard labor for one year and six months. Intermediate appellate authorities affirmed, and the case is before this Court for review pursuant to the provisions of Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867. The particular questions which The Judge Advocate General of the United States Air Force desires to be answered are these:

(1) Was the board of review correct in holding that the admission into evidence of an oral pretrial statement, made by accused to a Texas civilian policeman, was proper, over objection, under the circumstances of this case?

(2) Was the board of review correct in holding that the admission into evidence of an oral pretrial statement, later made by the accused to an Air Force representative, was proper, over objection, under the circumstances of this case?

The operative facts relevant to the first issue are as follows. At approximately 12:30 a.m. on July 5, 1957, the victim had stopped his car on a street in Galveston, Texas. He was preparing to get out when the accused approached, threatened him with a .45 pistol, and then ordered him to drive to Houston, Texas. Upon arrival in

that city, the victim was released and the accused drove away in the vehicle. Shortly thereafter, local police, having been alerted by the victim, apprehended the accused in the stolen car.

One of the apprehending officers testified by deposition that after talking with the victim, he questioned the accused, who was then "sitting in the back of . . . [a] police car, under arrest" for "robbery with arms." The deposition shows that, prior to being interrogated, the accused was not advised concerning his right to remain silent because the officer was of the opinion he was not required "to advise any accused or suspect of his rights before taking an oral statement." Defense counsel raised an objection to the officer's version of the conversation on the basis that the accused was neither advised of his rights nor informed of the offense suspected, and that his statement was not shown to have been freely and voluntarily made. Over this objection, the officer was permitted to testify that:

" . . . I asked . . . [the accused] in what location he had joined with the complainant we had met earlier on Westheimer. He stated that he first met him in Galveston, did not know the subject before he entered the complainant's car, told me that he didn't know why he did, but he pulled a gun on the driver of the convertible, instructed him to drive him to Houston, and then told him to drive across main street. He stated at this time he did not know what street he was on, and then just finally got tired of the complainant and told him to get out and took his car, at which time he stated he did

702

not know in which direction he was going."

Reception of this statement into evidence forms the basis of the first certified issue. This Court was ▅▅▅ faced with a somewhat similar situation in United States v Grisham, 4 USCMA 694, 16 CMR 268. In that case, accused, a civilian employee of the Department of the Army, was held for the murder of his wife in France. French authorities undertook an independent investigation, and while in their hands the accused was questioned without being advised of his rights under Article 31, Uniform Code of Military Justice, 10 USC § 831. Accused at that time made four statements relating to his guilt, all of which were used against him in the subsequent trial. In determining that such statements were admissible despite the absence of an Article 31 warning, we stated:

" . . . if persons not subject to the Code—such as civilian law enforcement authorities—conduct an interrogation or request a statement in furtherance of any military investigation, or in any sense as an instrument of the military, then the duty arises to furnish sound advice concerning the provisions of Article 31. *Otherwise they are not required to do so—and their failure will not operate to deprive the court-martial of any statement they may secure.*" [Emphasis supplied.]

This language is dispositive of the issue raised herein. Members of the Houston Police Department are not subject to the Uniform Code of Military Justice, and there is nothing in the record to indicate the police officer was acting for the military service. Accordingly, his testimony was not barred by the provisions of Article 31.

.Appellate defense counsel recognize the doctrine announced in *Grisham*, supra, but argue that it is ▅▅▅ not controlling in this instance because there the questioned testimony would presumably have been admissible in a French court. Since, they contend, the confession in the instant case would not have been admissible in a Texas Criminal Court under the exclusionary provisions of Article 727, Vernon's Annotated Code of Criminal Procedure of the State of Texas, 1941, the cases are not on all fours.

We do not find this line of reasoning persuasive, nor need we decide whether the instant confession would, in fact, have been inadmissible in the Texas court. Military courts may convene in all States and foreign countries, and we are not disposed to have military law vary according to the laws of each jurisdiction. Were we to decide evidentiary questions of this nature on the basis of State law, an already complex area would soon be chaotic. The Uniform Code of Military Justice expressly provides that, where not otherwise prescribed, the rules of evidence generally recognized in the United States District Courts shall be applied by courts-martial. Article 36 (a), Uniform Code of Military Justice, 10 USC § 836; see also paragraph 137, Manual for Courts-Martial, United States, 1951. See also 4 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, § 2151.

The Federal court in Young v United States, 107 F2d 490 (CA5th Cir) (1939), refused to apply Article 727, Texas Code, supra, in the face of a contention similar to that advanced here, stating: "The statute has no application to a criminal case in a federal court. Common law as modified by federal statute controls." Article 31 (b), Uniform Code of Military Justice, 10 USC § 831, is the controlling Federal statute in this case and the scope of the pre-interrogation warning there provided is confined by its literal terms and extends only to persons subject to the Code and those acting for and in concert with them. United States v Gibson, 3 USCMA 746, 14 CMR 164; United States v Grisham, supra. This Article can be applied equally in all jurisdictions, and we prefer not to warp its provisions to comply with local law.

The accused's statement was properly admitted in evidence then, unless obtained "through the use of coercion, unlawful influence, or unlawful induce-

ment." Article 31(d), supra. Fundamental in this regard is the question whether the accused, at the time of his statement, possessed the mental freedom to confess or to deny participation in the crime. United States v Moore, 4 USCMA 482, 16 CMR 56; United States v Monge, 1 USCMA 95, 2 CMR 1.

The opinion of the board of review on this matter is accurate and concise and we adopt it for the ▮▮▮▮▮ purpose of answering the point involved. This is the basis for its affirmance:

"... Officer Harmon's brief narration of the events surrounding the taking of the statement discloses that the accused was co-operative and, in fact, even appeared content that he had been apprehended. The defense presented no evidence to contradict this, and the attendant circumstances are inconsistent with the use of any coercion, unlawful influence or unlawful inducement. In short, we find that the accused was not acting under anything other than complete mental freedom. Consequently, his confession, which merely corroborated what we find as a fact to be clear and compelling evidence of guilt beyond a reasonable doubt, was properly before the court."

Accordingly the first issue is answered in the affirmative.

We now turn to the second certified issue. Subsequent to the admission of the officer's deposition, the prosecution offered the stipulated testimony of an Air Force investigator. This stipulation contained a second verbal confession made by the accused which was in all respects similar to his statement given to the police officers. It included the following prefatory clause:

"... Before taking his statement I advised the accused that he was suspected of committing an offense in violation of the UCMJ. I made no promises of reward, benefit or immunity to the accused before taking the statement, nor did I threaten or coerce him in any way."

The stipulation was admitted into

**704**

evidence without objection. However, following a recess, the defense objected to its admission "on the ground that the fruit of the poisonous tree applies." Defense counsel made it clear the objection was based solely on the theory that the second confession flowed from the first which was made without benefit of advice as to self-incrimination. The objection was then overruled.

Defense counsel now contend the law officer erred in admitting this pretrial statement because there was no affirmative showing that the Air Force investigator warned the accused of his right to remain silent. Reliance is placed on our decisions in United States v Williams, 2 USCMA 430, 9 CMR 60; United States v Holmes, 6 USCMA 151, 19 CMR 277; and United States v Taylor, 5 USCMA 178, 17 CMR 178, to support this contention.

That the accused's statement to the Air Force investigator was within the purview of Article 31 is palpably clear. Moreover, we are well aware of our language in United States v Wilson, 2 USCMA 248, 8 CMR 48, to the effect that any "departure from the clear mandate" of Article 31 is prejudicial regardless of other evidence of guilt.

However, we now come to the crux of our problem. This Court has consistently recognized that a ▮▮▮▮▮ failure to comply with Article 31(b) may be waived under proper circumstances. United States v Shaw, 9 USCMA 267, 26 CMR 47; United States v Henry, 4 USCMA 158, 15 CMR 158; United States v Fisher, 4 USCMA 152, 15 CMR 152. In the last two cited cases, we adopted the Federal rule that failure to object to evidence obtained in violation of the right against self-incrimination precludes urging the error on appeal. Both emphasize the flexible application of the rule to cases where special circumstances are absent and its limited application when the error would result in depriving the accused of a fair trial or when it would result in a manifest miscarriage of justice. United States v Fisher, supra.

In the present case, no such circumstances are present. Accused was rep-

resented by certified counsel, and there was no question raised about the completeness of the warning. Furthermore, the statement made was merely cumulative of other relevant and undisputed testimony, and its reception could not work "a manifest miscarriage of justice." The doctrine of waiver is, therefore, applicable.

As previously stated, defense counsel made no objection to the proffered stipulation other than on grounds of it being derivative of a previous inadmissible confession. It is well settled that an objection at trial limited to one ground which is untenable, cannot be extended on appeal to cover other perhaps tenable grounds which might have been named but were not. Wigmore, Evidence, 3d ed, § 18. In this case, had objection been made on the ground of inadequacy of warning, the prosecution might have produced additional evidence to overcome the deficiency. United States v Shaw, supra. We, therefore, hold that defense counsel waived any failure by the prosecution to show affirmatively that a warning was given. Hence, the second certified issue is also answered in the affirmative.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

Judge FERGUSON concurs in the result.