UNITED STATES, Appellee

v

DAVID C. WILLIAMS, Private E–2, U. S. Army, Appellant

10 USCMA 578, 28 CMR 144

No. 12,742

Decided August 14, 1959

*Captain Arnold I. Melnick* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel W. H. Blackmarr.*

*First Lieutenant George J. Miller* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel James G. McConaughy* and *First Lieutenant Paul R. Walsh.*

## Opinion of the Court

HOMER FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of one specification of aggravated assault and two specifications of assault, all in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. The court-martial adjudged a penalty of dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for five years. The convening authority approved the sentence, and the board of review affirmed. We granted the accused's petition for review on the question whether it was prejudicial error to admit in evidence an identification which he made of certain of his clothing without having been warned of his rights under Article 31, Code, supra, 10 USC § 831.

During the early morning hours of July 15, 1958, Army criminal investigators inquiring into the latest of a series of assaults upon indigenous females in Mannheim, Germany, determined that the accused fitted the victim's description of her attacker and had returned from pass at approximately the time she observed the latter enter a local Army barracks. The agents, accompanied by the officer of the day, went to the accused's room, aroused him, and informed him that he was suspected "of having committed an offense which we were investigating." The agents asked the accused for the clothing which he had worn that night, and he indicated it was in his laundry bag. The agents removed a khaki uniform, bearing what appeared to be blood and grass stains, from the bag. The accused identified the clothing as that which he had worn that night. Prior to the interrogation concerning identification of the clothing, the agents did not advise the accused of his rights under Article 31, Code, supra.

Following the admission of the foregoing testimony, the defense counsel moved that it be stricken as follows:

"DEFENSE: On the basis of Specialist Burgess' testimony, I am going to ask the court to strike from his testimony and direct the court—ask the law officer to direct the court to not consider it on the grounds that by asking him where his laundry bag was, without reading him his rights under Article 31, constituted an illegal search and seizure, and that any testimony resulting from that would be improper, and that his description of the clothing must be stricken from the court's mind.

"LAW OFFICER: Any comments from the trial counsel?

"PROSECUTION: Trial counsel, sir, would just like to mention that I think it was brought out that he was apprehended and that this was a lawful search after apprehension.

"DEFENSE: If my recollection serves me correctly, sir, it is in the Taylor case, sir, in 17 CMR, that the request to identify one's personal property does fall within the purview of illegal search and seizure.

.  .  .  .  .

"DEFENSE: We'll stick with our position, sir, that regardless whether Burgess was moving under the authority of the OD into the room and all, still, asking the accused where his laundry bag was clearly falls within the purview of Article 31 and constitutes an illegal search and seizure."

The law officer denied the defense motion to strike.

The Government quite properly concedes that the agent's testimony, establishing that the accused had identified the stained uniform as the one he had worn on the night in question, affirmatively indicates that the information was obtained in violation of Article 31, Code, supra, and should not have been admitted in evidence. United States v Holmes, 6 USCMA 151, 19 CMR 277; United States v Taylor, 5 USCMA 178, 17 CMR 178. It urges, however, that the error was waived, as the objection at the trial level was premised on the ground of illegal search and seizure rather than a violation of Article 31, Code, supra. We are not disposed to accept this contention.

In United States v Shaw, 9 USCMA 267, 26 CMR 47, it was argued before us that certain psychiatric testimony was inadmissible because the record did not disclose that the examining physician advised the accused of his rights under Article 31, Code, supra. In holding that a waiver of the error occurred, we pointed out that, not only was there no objection at the trial, but the defense questioned the doctor at length on several beneficial aspects of his examination. Further, the doctor's testimony did not indicate that the accused was not advised of his rights, and, had there been a proper objection, the prosecution might well have established the lacking predicate. United States v Shaw, supra, at page 270.

In United States v Dial, 9 USCMA 700, 26 CMR 480, we again had occasion to concern ourselves with a waiver

of objection relating to a failure to comply with Article 31, Code, supra. There, a confession was taken from the accused without warning by civilian police officers. Subsequently, a second statement, in all respects similar to the initial inculpatory document, was obtained by an Air Force investigator. Defense counsel objected to the receipt of the first statement on the ground that the civilian officers had failed to comply with Article 31, Code, supra. He disputed the receipt of the second statement solely on the basis "that the second confession flowed from the first which was made without benefit of advice as to self-incrimination." United States v Dial, supra, at page 704. Upon being urged to reverse on the ground that it was not affirmatively established that the *second* statement was obtained after proper warning, we invoked the doctrine of waiver, as there had been no objection made at the trial level on the asserted ground. Further, as we pointed out in that case, the disputed statement was merely repetitive and, had proper objection been made, the prosecution might well have been able to produce evidence to overcome the claimed deficiency. United States v Dial, supra, at page 705.

The foregoing recital establishes the controlling distinctions between *Dial* and *Shaw,* both supra, and the situation with which we are now confronted. Contrary to the facts in those cases, this record affirmatively establishes that the accused was required to identify his clothing without the required preliminary advice under Article 31, Code, supra, being given. Further, while inartfully phrased, defense counsel's objection clearly put the law officer on notice that the principal foundation of his complaint was the failure to warn. Indeed, he cited one of the cases on which the Government bases its concession of error. United States v Taylor, supra. While he did not include its pagination in Volume 17, Court-Martial Reports, we do not agree that this minor imprecision misled either the law officer or the trial counsel. Thus, we brush to one side as frivolous the Government's argument that Volume 17 contains reports of three decisions entitled United States v Taylor. We decide, therefore, that the accused, by his assertions at the trial level did not waive his right to complain on appeal of the agent's violation of his rights under Article 31, Code, supra. The admission of the description of the blood-stained clothing as belonging to the accused requires, of course, reversal of the conviction of aggravated assault to which it directly relates.

The findings of guilty of specification 1 are set aside. The record of trial is returned to the board of review which may reassess the sentence on the basis of the remaining findings of guilty or order a rehearing.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

It is clear to me that the law officer was led into believing defense counsel was objecting to the admission of the real evidence secured through the search and seizure because the accused was not advised of his rights under Article 31 of the Code, 10 USC § 831. I do not understand the law to be that when a search, as here, was conducted incidental to apprehension and under orders of the commanding officer, it becomes illegal because of failure to warn. On that aspect of the objection the law officer ruled correctly but his error was in failing to segregate the admissible from the inadmissible testimony and in permitting the Government to show ownership of the clothes and the time they were worn by accused's admission made prior to being warned of his rights. Had defense counsel stated his objection clearly and properly, however, it is reasonably conceivable that the questioned evidence would not have been admitted.

In spite of the dubious nature of the objection interposed, I am not inclined to rely on the doctrine of waiver, for the colloquy between the counsel and the law officer should have alerted the latter to the inadmissible statements. The real difficulty I encounter in joining in a reversal is that the evidence obtained in violation of Article 31 was

cumulative and so insignificant in the light of other compelling evidence of record, including a voluntary and complete confession by the accused after he was fully warned and several days after the seizure, that prejudice is non-existent and reversal is not required. See Article 59, Uniform Code of Military Justice, 10 USC § 859. However, in view of the rule previously made firm by my associates that the use of any evidence obtained in clear violation of Article 31 requires a reversal, I have no purposeful alternative other than to apply that law. Therefore, I merely record my views and join in the disposition.