UNITED STATES, Appellant

v

JOHN B. SMITH, Private (E-2),
U. S. Army, Appellee

10 USCMA 619, 28 CMR 185

No. 13,130

Decided August 21, 1959

*Lieutenant Colonel James G. McConaughy* and *First Lieutenant Stuart Goldstein* were on the brief for Appellant, United States.

*Colonel James Garnett* and *Lieutenant Colonel William H. Blackmarr* were on the brief for Appellee, Accused.

### Opinion of the Court

GEORGE W. LATIMER, Judge:

A general court-martial convicted the accused of absence without leave and wrongful possession of a false pass with

intent to deceive, in violation of Articles 86 and 134, respectively, of the Uniform Code of Military Justice, 10 USC §§ 886 and 934, and sentenced him to dishonorable discharge, total forfeitures, and confinement at hard labor for one year. This sentence was approved by the convening authority, but subsequently the board of review, while affirming the findings of guilty of absence without leave, set aside the conviction for the false pass offense and, after reassessment of the sentence, approved only so much thereof as provided for a bad-conduct discharge, total forfeitures, and confinement at hard labor for six months. The basis for reversing the findings of guilt on the one offense was that the law officer erred in permitting an agent of the Federal Bureau of Investigation to testify to certain admissions made by the accused prior to the time he was warned of his rights under Article 31 of the Uniform Code of Military Justice, 10 USC § 831. Factually, it appears that the agent was investigating both Selective Service and military law violations. While so engaged, he received a tip from a confidential civilian informant that accused was a deserter from the military service. He thereupon contacted and interviewed the accused about his military status. The admission was obtained during this interview and without the prior warning required by Article 31 of the Code, supra.

Following the decision of the board of review, The Judge Advocate General of the Army certified the following issue for our determination:

"Was the board of review correct in holding that the FBI agent was required to warn the accused of his rights under Article 31, Uniform Code of Military Justice?"

The question certified and the facts upon which it depends bear a substantial similarity to our recent case of United States v Holder, 10 USCMA 448, 28 CMR 14, and that decision is dispositive of the present issue. In *Holder*, which was decided subsequent to the board of review's determination in the instant case, we concluded the facts did not bring the FBI agent within the ambit of Article 31(b) of the Code, supra, as interpreted in United States v Grisham, 4 USCMA 694, 16 CMR 268, and United States v Dial, 9 USCMA 700, 26 CMR 480, and, therefore, statements made to him by the accused were admissible, despite the absence of an appropriate warning.

The factual pattern presently before us indicates even less reason for holding the FBI agent subject to the requirements of the Code, supra, for here there was no request by the Army, official or otherwise, that he apprehend the accused, and his action was prompted solely by information obtained through a confidential civilian informant.

The certified question is, therefore, answered in the negative, and that part of the board of review's decision setting aside the finding of guilty of possession of a false pass is reversed. The record is returned to The Judge Advocate General of the Army for reference to a board of review for action not inconsistent with this opinion.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring):

The law governing the disposition of this case, over my dissent, has been fixed by the decision of this Court in United States v Holder, 10 USCMA 448, 28 CMR 14. Accordingly, I concur in the disposition ordered by my brothers.